UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development),<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE and RICHARD ROE, as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br><br>Defendants. | CIVIL NO. 05-1406(JP)<br><br>ACTION FOR CANCELLATION OF LOST NOTE<br><br>**(Félix Lebrón-Rivera and Lydia Márquez-Arocho)** |

**JUDGMENT BY DEFAULT**

Upon motion duly made by the Plaintiff, and it appearing to the Court that the Defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper during the day of May 25, 2005 and June 1, 8, 15, 22, and 29, 2005, as per verified statement filed with the Clerk of this Court and pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, as required by Article 82 of the Mortgage Law (30 P.R. Laws Ann. §156) wherein the Defendants were ordered to appear and answer the Complaint and it appearing to the Court that none of the Defendants have appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following findings:

1.  That on or before February 21, 1974, Félix Lebrón Rivera and Lydia Márquez Arocho received from the United States of America, acting by and through the U.S. Department of Agriculture (Rural

CIVIL NO. 05-1406 (JP)          -2-

Development), a loan in the amount of $17,750.00 on the property described at paragraph 3 below.

    2.   The evidence of the money lent by Plaintiff United States of America (Rural Development), Félix Lebrón Rivera and Lydia Márquez Arocho executed in favor of the Plaintiff a promissory note dated February 21, 1974, in the amount of $17,750.00 at 7¼% interest rate, payable in favor of the United States of America.

    3.   That to secure the payment of said promissory note, Félix Lebrón Rivera and Lydia Márquez Arocho executed a First Mortgage in favor of the Plaintiff, United States of America, on February 21, 1974, by First Mortgage Deed No. 46 before Notary Public Jose M. Cruz Vargas, over the following described property:

> URBANA: Solar de forma irregular marcado con el Número B del Bloque G de 279.34 metros cuadrados: de la Urbanización Jardines de Guatemala, radicado en el Barrio Guatemala del término municipal de San Sebastián, Puerto Rico, y en lindes por el NORTE en distancia de 12.70 metros con los solares Número 2 y 3 de la misma urbanización; por el SUR, en 12.70 metros con la Calle #5 de la misma urbanización; por el ESTE, en 22.00 metros con el solar Número 7 de la misma urbanización; y por el OESTE, en 22.00 metros con el Solar #9 de la misma urbanización.

    4.   The aforementioned First Mortgage Deed executed in favor of the Plaintiff was duly recorded in the Property Registry of San Sebastián, at page 183, volume 212 of San Sebastián, property number 8991, where said mortgage appears in full force and effect.

    5.   That according to information received from the U.S. Department of Agriculture (Rural Development), the promissory note of $17,750.00 dated February 21, 1974, described in paragraph 2

CIVIL NO. 05-1406 (JP)          -3-

above, while in possession of and under the Custody of said agency, was apparently lost, misplaced or destroyed and although a thorough search has been made, it has been unable find or locate said note.

6.   That under Articles 132 and 134 of the Mortgage and Property Act (30 P.R. Laws Ann. § 2456 and § 2458), and 28 U.S.C. § 1655, when a mortgage note has been lost as alleged above, the mortgage may be canceled of record by the Registrar of Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

7.   The indebtedness assumed by Félix Lebrón Rivera and Lydia Márquez Arocho to the Plaintiff, United States of America, has been paid in full.

Articles 132 and 134 of the Mortgage Law of 1979 as amended (30 P.R. Laws Ann. § 2456 and § 2458) provide that when a mortgage note has been lost, the mortgage may be cancelled by the Registrar of the Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the Court decrees that the mortgage obligation is extinguished.

**WHEREFORE, IT IS HEREBY ORDERED**

(1)   That judgment be entered against the Defendants herein declaring that the aforementioned mortgage obligation is extinguished.

CIVIL NO. 05-1406 (JP)          -4-

(2)   That the promissory note in the amount of $17,750.00 of principal with interest at the rate of 7¼% per annum, on the unpaid balance executed by Félix Lebrón Rivera and his wife Lydia Márquez Arocho, on February 21, 1974, the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3)   That the Registrar of the Property of San Sebastián, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by Félix Lebrón Rivera and his wife Lydia Márquez Arocho, to secure the payment of the promissory note above described and referred to in paragraphs 4 and 5 of the Complaint, constituted by the terms of Voluntary Mortgage Deed No. 46 executed before Notary Public José M. Cruz Vargas on February 21, 1974, and which was recorded in the Registry of Property of San Sebastián, Puerto Rico, at page 183, volume 212 of San Sebastián, Puerto Rico, property number 8991, first inscription.

**IT IS SO ORDERED AND ADJUDGED**.

In San Juan, Puerto Rico, this 12th day of December, 2005.

                                        s/Jaime Pieras, Jr.
                                    U.S. SENIOR DISTRICT JUDGE